**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

JOHN D.,

                  Plaintiff,

   v.                                        5:20-CV-842
                                                    (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of Social Security*,[1]

                  Defendant.
_____

**APPEARANCES:**                      **OF COUNSEL:**

LAW OFFICES OF STEVEN R. DOLSON    STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.           NATASHA OELTJEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
Boston, MA 02203

**DANIEL J. STEWART
United States Magistrate Judge**

**<u>MEMORANDUM-DECISION AND ORDER</u>[2]**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d).  The Clerk is directed to modify the docket accordingly.

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 4 & General Order 18.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 15 & 16. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied. The Commissioner's decision is reversed and remanded for further proceedings consistent with this decision.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1968. Dkt. No. 14, Admin. Tr. ("Tr."), p. 51. Plaintiff reported that he has a liberal arts associate's degree. Tr. at p. 54. He has past work experience as a package handler for UPS. Tr. at p. 55. Plaintiff alleges disability due to cervical spine impairment, spinal stenosis, arthritis, bilateral arm impairment with nerve damage, plantar fasciitis, "bone spurs bilateral heels," chronic kidney stones, depression, and anxiety. Tr. at p. 233.

### B. Procedural History

Plaintiff applied for disability and disability insurance benefits on February 8, 2017. Tr. at p. 216. He alleged a disability onset date of May 22, 2015. *Id.* Plaintiff's application was initially denied on April 13, 2017, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at p. 10. Plaintiff appeared

2

at a hearing before ALJ Paul D. Barker, Jr. on March 1, 2019 at which he and a vocational expert testified. Tr. at pp. 45-90. During the hearing, Plaintiff requested to amend his alleged onset date of disability to June 9, 2017. Tr. at p. 49. On April 9, 2019, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 10-22. On June 9, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-3.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017 and that he had not engaged in substantial gainful activity since June 9, 2017, the alleged onset date. Tr. at p. 12.[3] Second, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease with radiculopathy; degenerative joint disease; plantar fascial fibromatosis; calcaneal spur; peripheral neuropathy; myofascial pain syndrome; and obesity. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 16. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined

---

[3] Plaintiff amended the disability onset date at the hearing. Tr. at p. 49.

in 20 CFR §§ 404.1567(b) and 416.967(b), except that Plaintiff can lift and carry, push and pull twenty pounds occasionally and ten pounds frequently, can stand and walk for six hours out of an eight-hour work day, for thirty minutes at a time, with the option to sit at the work station and continue working for ten minutes after thirty minutes of standing or walking. *Id.* Additionally, the ALJ found that Plaintiff can sit for six hours of an eight-hour workday, with the option to stand for five minutes and continue working after an hour of sitting; can occasionally stoop, climb ramps and stairs, balance and crouch, and can never kneel, crawl, or climb ladders, ropes, and scaffolds. *Id.* Plaintiff can frequently reach to the front and sides and can frequently handle bilaterally and occasionally finger and feel with the left (non-dominant) hand. *Id.*

Fifth, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. at p. 20. Sixth, the ALJ found that Plaintiff was categorized as a "younger individual" at the time of the alleged disability onset date, however, he has since changed age category to "closely approaching advanced age." *Id.* Seventh, the ALJ found that there was work existing in significant numbers in the national economy that Plaintiff could perform. *Id.* The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at pp. 20-21.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health &*

*Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."

5

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff presents a single question for the Court's review. Dkt. No. 15, Pl.'s Mem. of Law at p. 1. Plaintiff contends that the ALJ committed reversible error by failing to fully develop the record, alleging that the ALJ was required to obtain a new medical source opinion after Plaintiff's disability onset date was amended. Pl.'s Mem. of Law, pp. 5-7. In response, Defendant asserts that the record was adequately developed and that the ALJ was not required to base the RFC on a medical opinion. Dkt. No. 16, Def.'s Mem. of Law at pp. 4-14.

An administrative law judge has "an affirmative obligation to develop a claimant's complete and accurate medical record," *Camellia O. v. Comm'r of Soc. Sec.*, 2021 WL 354099, at *5 (N.D.N.Y. Feb. 2, 2021), because a "hearing on disability benefits is a non-adversarial proceeding." *Perez v. Chater*, 77 F.3d 47, 47 (2d Cir. 1996); *see also Colgan v. Kijakazi*, ___ F. 4th ___, 2022 WL 18502 at *10 n. 6 (2d Cir. 2022) ("[T]he Commissioner is not a litigant and has no representative at the agency level . . . . Thus, it is the ALJ's duty to investigate and develop the facts and develop the

7

arguments both for and against the granting of benefits.") (quoting *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004)).

This duty is present even when a claimant is represented by counsel. *Perez v. Chater*, 77 F.3d at 47. However, the duty to develop the record is not unlimited. *Camellia O. v. Comm'r of Soc. Sec.*, 2021 WL 354099 at *5 (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). The duty "is discharged when the ALJ 'possesses [the claimant's] complete medical history' and there are no 'obvious gaps or inconsistencies' in the record." *Id.*

Plaintiff claims that his medical record is incomplete because the ALJ relied on a stale medical source opinion and did not seek out a new medical opinion for the time period after the amended disability onset date. Pl.'s Mem. of Law at p. 6. As a result, Plaintiff asserts that the RFC determination by the ALJ was not supported by substantial evidence. *Id.* at pp. 6-7. A claimant's RFC is the most he can still do despite his limitations. *Penny Ann W. v. Berryhill*, 2018 WL 6674291 at *4 (N.D.N.Y. Dec. 19, 2018). In order to decide a disability claim, an ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013). An ALJ's conclusion, however, "need not 'perfectly correspond with any of the opinions of medical sources cited in his decision.'" *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 469 (W.D.N.Y. 2018) (quoting *Matta v. Astrue*, 508 Fed. Appx. at 56). Although the ALJ's RFC conclusion need not mirror any one medical source opinion, ALJs are not medical professionals,

and therefore, are "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018).

Courts have recognized that under certain limited circumstances, an ALJ may permissibly "render a common sense judgment about functional capacity even without a physician's assessment." *Hogans v. Comm'r of Soc. Sec.*, 2020 WL 5496114 at *14 (S.D.N.Y. Sep. 11, 2020). However, this is acceptable only where "the medical evidence shows relatively little physical impairment such that the ALJ can render a common sense judgment about functional capacity." *Id.* (quoting *Grimmage v. Comm'r of Soc. Sec.*, 2018 WL 4103184 at *4) (W.D.N.Y. Aug. 29, 2018). Where the medical findings and reports in the record "merely diagnose the claimant's impairments without relating the diagnoses to specific physical, mental, and other work-related capacities, the administrative law judge's 'determination of residual functional capacity without a medical advisor's assessment of those capacities is not supported by substantial evidence.'" *Palascak v. Colvin*, 2014 WL 1920510 at * 9 (W.D.N.Y. May 14, 2014) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).

The ALJ here apparently formulated his RFC based generally upon two opinions: a medical opinion from medical consultant Kalyani Ganesh, M.D., and an opinion from non-examining, non-medical source M. Solomon, S.D.M., a state disability specialist. Tr. at pp. 18-19. Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence because it was based on the stale medical opinion of consultative

9

examiner Dr. Kalyani Ganesh and was otherwise unsupported by any competent medical opinion.  Pl.'s Mem. of Law at pp. 6-7.

A medical source opinion that is stale or based on an incomplete medical record may not be substantial evidence to support an ALJ finding.  *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015).  "A medical opinion may be stale if it does not account for the claimant's deteriorating condition."  *Carney v. Berryhill*, 2017 WL 2021529 at *6 (W.D.N.Y. May 12, 2017).  "However, a medical opinion is not necessarily stale simply based on its age.  A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age."  *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. at 470.

In his decision, the ALJ stated that he relied, at least in part, upon the opinion of examining physician Dr. Ganesh.  Tr. at pp. 18-19.  Dr. Ganesh examined Plaintiff on April 12, 2017, shortly after his application was filed and nearly two years before the ALJ issued his decision.  Tr. at pp. 22 & 509-12.  Dr. Ganesh performed a physical examination of Plaintiff, during which Plaintiff had a normal gait and stance and was able to rise from a chair without difficulty.  Tr. at p. 510.  Plaintiff presented with a wrist and ankle brace, as well as a cane, which Dr. Kanesh opined was "not medically necessary" despite its being prescribed by a physician.  *Id.*  Plaintiff was unable to walk on his heels but could walk on his toes and perform a full squat.  *Id.*

In June of 2017, after his examination by Dr. Ganesh, Plaintiff was struck by an automobile while riding his mountain bike.  Tr. at p. 603.  As a result of the accident, he

10

alleges that he injured his elbow and knee, and experienced worsening symptoms of his cervical spine impairment. Pl.'s Mem. of Law at p. 7; Tr. at p. 603.

The Court finds the ALJ's consideration of Plaintiff's impairments unsupported by substantial evidence. First, Dr. Ganesh's opinion, which was written before Plaintiff was struck by an automobile, was stale and not based on the complete medical record. Notably, in assessing Plaintiff's RFC, the ALJ accorded "little weight" to Dr. Ganesh's opinion, stating that it "assessed the claimant's functioning prior to the amended alleged onset date of disability" and therefore was "not particularly probative for the period at issue." Tr. at p. 19.

Defendant correctly notes that ALJs, rather than doctors, are responsible for the ultimate RFC determination. Def.'s Mem. of Law at p. 15. Nevertheless, ALJs are not medical professionals and are therefore not permitted to draw medical conclusions on their own. *Curry v. Comm'r of Soc. Sec.*, 855 Fed. Appx. 46, 50 n. 3 (2d Cir. 2021). Except for rare circumstances involving very limited impairments, ALJs are not permitted to assess a claimant's RFC on the basis of bare medical findings. *Ortiz v. Colvin*, 298 F. Supp. 3d at 586. Instead, an ALJ must consider the medical and other record evidence in its totality in order to reach a conclusion about the claimant's residual functional capacity. *Id.*

The ALJ here noted that Plaintiff's medical records contain documentation of diagnosis and treatment for pain symptoms relating to several conditions: degenerative

disc disease of the cervical spine with radiculopathy, degenerative joint disease of the knees, plantar fascial fibromatosis, calcaneal spur, peripheral neuropathy, and myofascial pain syndrome. Tr. at p. 12. He then stated that "radiographic evaluations of the claimant's cervical, lumbar, and thoracic spine have been read as negative for any severe destructive process, with only mild to moderate degenerative changes reported (Exhibit B21F, p. 6, 26, 45-51)." Tr. at p. 18. Those same treatment notes relied on by the ALJ detail that "surgical decompression of [Plaintiff's] cervical spine for management of his left arm symptoms" had been discussed, although Plaintiff chose more conservative treatment options at that time. Tr. at p. 597. MRI results also showed that Plaintiff's C5-C6 left para central disc bulge appeared "slightly worsened." *Id.* The ALJ also described EMG testing performed by an orthopedic doctor which found evidence of left-sided C8 radiculopathy that resulted in numbness in Plaintiff's hand. Tr. at p. 18.

Although the MRI results do describe primarily "mild to moderate" impairments, the notes within the medical record do not detail what implications these findings might have on Plaintiff's ability to perform work-related functions. Nonetheless, the ALJ concluded that "this diagnostic evidence indicates that the claimant is limited to light exertional work activities." Tr. at p. 18. It cannot be said that Plaintiff's physical impairments were so insignificant that the ALJ could render a common-sense judgment about his functional capacity in the absence of a medical source opinion. *Hogans v.*

*Comm'r of Social Sec.*, 2020 WL 5496114 at *14. Based upon a review of this record and on the citations provided by the ALJ, it is unclear how he reached these conclusions without engaging in his own impermissible interpretation of the medical data. "[A]n ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. at 470 (internal alterations and quotations omitted). Where, as here, the medical findings and reports in the record "merely diagnose the claimant's impairments without relating the diagnoses to specific physical, mental, and other work-related capacities, the administrative law judge's 'determination of residual functional capacity without a medical advisor's assessment of those capacities is not supported by substantial evidence.'" *Palascak v. Colvin*, 2014 WL 1920510 at * 9 (quoting *Vertigan v. Halter*, 260 F.3d at 1050)).

The Court cannot discern, based on this record, how the ALJ determined that Plaintiff's ability to perform work-related activities was not impacted as a result of being hit by a car, or how the ALJ was able to determine that, for example, Plaintiff is capable of lifting and carrying, pushing and pulling twenty pounds occasionally and ten pounds frequently, or able to stand and walk for six hours of an eight-hour work day. Tr. at p. 16. Plaintiff has multiple severe impairments and "[t]hus, this is 'not a case where the medical evidence shows relatively little impairment such that the ALJ can render a common sense judgment about functional capacity.'" *Hogans v. Comm'r of Soc. Sec.*, 2020 WL 5496114 at *14; *accord Grimmage v. Comm'r of Soc. Sec.*, 2018 WL 4103184 at *3 (W.D.N.Y. Aug. 29, 2018) (ALJ's conclusion that plaintiff, who had undergone

multiple surgeries, was capable of frequent reaching, handling and fingering not supported by substantial evidence when no medical opinion supported the ALJ's RFC assessment).

The ALJ appears to place significant weight on a statement in Plaintiff's medical record from August 2017 that he retained a "non-antalgic gait" in order to determine that Plaintiff's functioning was not significantly impacted from the accident.  Tr. at pp. 18-19; 616.  However, those same treatment notes contain statements from Plaintiff indicating that he felt his issues with balance, gait, and clumsiness had worsened since the accident, and complaints of significantly worsening elbow pain.  Tr. at p. 616.  The ALJ does not cite to any medical evidence in the record from the time period after Plaintiff's amended disability onset date which provides any insight into how Plaintiff's work-related limitations have been affected by the accident.  "When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported his RFC findings, the decision leaves the court with many unanswered questions and does not afford an adequate basis for meaningful judicial review."  *Bridges v. Comm'r of Soc. Sec.*, 2020 WL 1986919 at *5 (W.D.N.Y. Apr. 27, 2020) (internal quotations and citation omitted); *see also Izzo v. Saul*, 2019 WL 8989863, at *17 (S.D.N.Y. Dec. 9, 2019), *report and recommendation adopted*, 2020 WL 1189095 (S.D.N.Y. Mar. 11, 2020) ("Substantial evidence must support the ALJ's RFC determination, and the failure to point to medical evidence supporting the RFC determination is a ground for remand.") (citing cases).

The ALJ also appears to rely on an opinion from state disability examiner M. Solomon, S.D.M., issued on April 13, 2017, in which he stated that Plaintiff was not disabled and would be able to perform "light work." Tr. at pp. 92-104. Although the ALJ did find that the Plaintiff had additional limitations beyond what the disability examiner stated, it is not clear how he determined what those limitations should be, without engaging in his own impermissible interpretation of the medical evidence. Tr. at p. 19. However, the more significant issue with the ALJ's reliance on this opinion is that it too was issued prior to the amended disability onset date.

As a result, the opinions that the ALJ relied upon in formulating his RFC are stale and do not provide substantial evidence to support that determination, and the record does not otherwise contain sufficient evidence for the ALJ to have formulated an RFC without a medical opinion. *Ridley v. Comm'r of Soc. Sec.*, 2018 WL 799160 at *6. Moreover, it cannot be said that the stale medical source opinion is nonetheless consistent with the record as a whole such that any reliance on it would be harmless error. *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. at 470. Plaintiff has cited to evidence in the record that supports his contention that his condition worsened after he was struck by an automobile. Without a more recent medical source opinion evaluating the impact this has had on Plaintiff's work-related functions, it cannot be said that the ALJ's opinion was based on substantial evidence. The matter, therefore, must be remanded for further proceedings, including the ordering of a new medical opinion from after the amended disability onset date.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the case is **REMANDED** pursuant to sentence four for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 15, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge